O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MI SUK YI,

               Petitioner,

vs.

UNITED STATES OF AMERICA,

               Respondent.

_____

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV-09-8901 CAS
        CR-03-406 (B) CAS

**ORDER DENYING PETITIONER'S
MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

## I.  BACKGROUND

On June 1, 2005, a jury found petitioner Mi Suk Yi guilty of conspiracy, bank fraud, social security fraud, and concealment money laundering.  The jury also found against petitioner on two criminal forfeiture counts.  On July 25, 2006, petitioner was sentenced to 97 months in prison and ordered to pay restitution.  Petitioner appealed her conviction, claiming that (1) the Court should have ordered a hearing as to her competency; (2) the indictment was fatally varied or constructively amended; and (3) there was insufficient evidence to convict her.  The Ninth Circuit affirmed her conviction in an unpublished memorandum disposition filed on August 6, 2009.

On December 4, 2009, Petitioner filed the instant motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody.  Petitioner seeks a new trial.  On January 19, 2010, the government filed its opposition.  A reply

1  was filed on February 9, 2010.  After carefully considering the arguments raised by the

2  petitioner, the Court hereby finds and concludes as follows.

3  **II. LEGAL STANDARD**

4      A motion pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or

5  sentence to confinement where a prisoner claims "that the sentence was imposed in

6  violation of the Constitution or laws of the United States, or that the court was without

7  jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

8  authorized by law, or is otherwise subject to collateral attack."  Sanders v. United

9  States, 373 U.S. 1, 2 (1963).

10      Section 2255 provides that the Court shall conduct a hearing on a motion filed

11  thereunder "[u]nless the motion and files and records of the case conclusively show that

12  the [petitioner] is entitled to no relief."  Rule 8 of the Rules Governing § 2255

13  Proceedings provides that:

14      [i]f the motion has not been dismissed at a previous stage in the
        proceeding, the judge, after the answer is filed and any transcripts or
15      records of prior court actions in the matter are in his possession, shall,
        upon a review of those proceedings and of the expanded record, if any,
16      determine whether an evidentiary hearing is required.  If it appears that an
        evidentiary hearing is not required, the judge shall make such disposition
17      of the motion as justice dictates.

18      The decision whether to hold a hearing is "committed to the court's discretion,"

19  and § 2255 "requires only that the judge give the prisoner's claim careful consideration

20  and plenary processing, including a full opportunity for presentation of the relevant

21  facts."  Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988) (citation and internal

22  quotation marks omitted).

23  **III.  DISCUSSION**

24      Petitioner states six grounds for her motion: (1) she received ineffective

25  assistance of counsel at trial because her counsel failed to object to erroneous jury

26  instructions; (2) her appellate counsel was ineffective for failing to argue on appeal that

27  the jury instructions were erroneous; (3) she received ineffective assistance of counsel

28  because her counsel failed to sever her trial from that of her co-defendant; (4) her

appellate counsel was ineffective for failing to argue on appeal that her trial should have

2

1  been severed from that of her co-defendant; (5) her trial counsel was ineffective for

2  either failing to call a witness and/or because a check was improperly admitted into

3  evidence; and (6) her trial counsel was ineffective for failing to request a new trial, and

4  appellate counsel was ineffective for "failure of raising the plain error review."  Each

5  ground for relief is taken in turn.

6  **Petitioner's First Ground For Relief**

7  Petitioner argues that the jury instructions at her trial were erroneous as to the

8  mens rea and, accordingly, that her trial counsel was constitutionally ineffective for

9  failing to object.  Mot. at Ground One.  The Government responds that petitioner has

10  procedurally defaulted on the claim and cannot raise it now on collateral attack except

11  by establishing cause and prejudice, because petitioner did not raise this claim earlier

12  despite having two opportunities to do so – once at trial and once on direct appeal.

13  Opp'n at 2.  The government contends that the petitioner has shown neither cause nor

14  prejudice, and thus that this claim should be rejected.  Id.

15  Alternatively, the government argues that the jury instructions were entirely

16  correct on the merits.  Id. 2-3.  The Court instructed the jury that it was required to find

17  the following mens rea elements for the following crimes of conviction: (1) bank fraud:

18  the intent to defraud; (2) social security fraud: the intent to deceive as to defendant's

19  true identity; and (3) concealment money laundering: knowledge that (a) the property

20  involved in the financial transaction represented the proceeds of some form of prior

21  activity that constituted a felony under state or federal law; and (b) the transaction was

22  designed in whole or in part to conceal or disguise the nature, location, source,

23  ownership, or control of the proceeds of prior, separate criminal activity.  Id.

24  The Government contends that these instructions were correct under the law.  For

25  bank fraud, see 18 U.S.C. § 1344(1); 2A O'Malley, Grenig & Lee, Federal Jury Practice

26  and Instructions, 384-385, §47.11 (5th ed. 2000); United States v. Cloud, 872 F.2d 846,

27  850 (9th Cir. 1989).  For social security fraud, see 42 U.S.C. § 408 (a)(6).  For

28  concealment money laundering, see 9th Cir. Crim. Jury Instr. 8.121 (2000); United

States v. English, 92 F.3d 909 (9th Cir. 1996); United States v. Garcia, 37 F.3d 1359 (9th Cir. 1994); 18 U.S.C. §§ 1956 (a)(1)(B)(I), 1956(c)(4).

To obtain "collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." U.S. v. Frady, 456 U.S. 152, 167-68 (1982). To show "cause," a petitioner can show either "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that "ineffective assistance of counsel . . . is cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488 (1986). However, so long as petitioner is "represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." Id. (internal citations omitted).

A petitioner arguing ineffective assistance of counsel under the Sixth Amendment must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the petitioner. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 668, 688, 695 (1984)). The presumption of reasonableness is even "stronger for appellate counsel because he has wider discretion than trial counsel in weeding out weaker issues; doing so is widely recognized as one of the hallmarks of effective appellate assistance." Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). Appellate counsel has "no constitutional duty to raise every non frivolous issue requested by a petitioner." Jones v. Barnes, 463 U.S. 745, 751-54 (1983). To show "actual prejudice," the petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 493 (citing Frady, 456 U.S. at 170).

4

In the present case, the Court finds that petitioner has failed to show "cause" excusing the double procedural default, and as such, finds that petitioner's first ground for relief lacks merit.  While petitioner alleges ineffectiveness of counsel presumably as justification for the procedural default, petitioner fails to show that her trial counsel was ineffective under the standard established in <u>Strickland v. Washington</u> by specifically stating why the jury instructions were objectionable.  See <u>Murray</u>, 477 U.S. at 488. Moreover, the Court finds that the jury instructions were correct on the merits.  <u>see</u> 18 U.S.C. § 1344(1) (for bank fraud); <u>see</u> 42 U.S.C. § 408 (a)(6) (for social security fraud); <u>see also</u> 18 U.S.C. §§ 1956 (a)(1)(B)(I), 1956(c)(4).  Nor does petitioner allege that there was some objective factor external to the defense that impeded counsel's efforts to comply with the State's procedural rule.  <u>Id.</u>  As such, petitioner has not shown "cause" excusing the double procedural default.  See <u>Frady</u>, 456 U.S. at 167-68.  Since the Court finds that petitioner fails to show "cause," the Court does not need to determine whether there was "actual prejudice."  <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 502 (the Court did not need to consider whether there was "actual prejudice" since the Court found that there was no "cause" excusing procedural default).

### Petitioner's Second Ground For Relief

Secondly, petitioner argues that her appellate counsel was constitutionally ineffective for failing to argue on appeal that the jury instructions at her trial were erroneous.  Mot. at Ground 2.  The government contends that petitioner's appellate counsel would have had to raise a plain error argument on appeal since petitioner's trial counsel did not object to the jury instructions.  Opp'n at 3-4.  The government argues that since the jury instructions were entirely correct on its merits, as noted above, the Court did not err in giving the jury instructions, much less plainly err.  <u>Id.</u>

In the present case, petitioner must show that her appellate counsel's representation fell below an objective standard of reasonableness for failing to appeal the jury instructions.  See <u>Flores-Ortega</u>, 528 U.S. at 476-77.  Moreover, petitioner's appellate counsel has an even stronger presumption of reasonableness "because he has

1    wider discretion than trial counsel in weeding out weaker issues." <u>See</u> <u>Miller</u>, 882 F.2d

2    at 1434.  Additionally, as noted above, petitioner's appellate counsel has no obligation

3    to raise every non frivolous issue.  <u>See</u> <u>Jones</u>, 463 U.S. at 751.  Petitioner fails to

4    specifically state why the jury instructions were deficient with respect to the <u>mens</u> <u>rea</u>

5    elements of her charged crimes, and accordingly, petitioner does not show that her

6    appellate counsel's representation fell below an objective standard of reasonableness.

7    <u>See</u> <u>Flores-Ortega</u>, 528 U.S. at 476-77.  For this reason, the Court finds that petitioner's

8    second ground for relief lacks merit.

9         **Petitioner's Third Ground For Relief**

10        Petitioner argues that her trial should have been severed from that of her co-

11   defendant and husband, Paul Amorello, and that, as such, her trial counsel was

12   constitutionally ineffective for failing to bring a motion to sever the trial.  Mot. at

13   Ground Three.  Petitioner argues that testimony from two bankers was only relevant to

14   her co-defendant and that the district court should have directed the jury with a limiting

15   instruction to that effect.  <u>Id.</u>  Petitioner also argues that a handwriting expert only

16   inculpated Amorello.  <u>Id.</u>  The government responds that first, petitioner procedurally

17   defaulted on this claim for failing to object at trial and raise the issue on appeal and that

18   petitioner has failed to show either cause or prejudice excusing the procedural default.

19   Opp'n at 4-5.  Second, the government argues that a joint trial was substantively correct

20   because the testimony of the two bankers was relevant to petitioner since the bankers

21   established the banks' losses caused by both defendants and that the testimony of the

22   handwriting expert, even if he was relevant only to Amorello, is not sufficient to

23   warrant severance under the law.  <u>Id.</u>

24        It is well-established that in "the federal system there is a preference for joint

25   trials where defendants have been jointly indicted."  <u>U.S. v. Hernandez-Orellana</u>, 539

26   F.3d 994, 1001 (9th Cir. 2008).  Under certain circumstances, "Federal Rule of Criminal

27   Procedure 14 provides relief from prejudicial joinder."  <u>Id.</u> (citing <u>Fed. R. Cr. P. 14(a)</u>

28   (stating "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a

defendant . . . the court may . . . sever the defendants' trials")).  The Court has developed a four-part test to aid district courts: "(1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether Appellants could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Id.  However, "it is not enough for a defendant to show that separate trials would have created a better chance for acquittal."  United States v. Baker, 10 F.3d 1374, 1388 (9th Cir. 1993) (overruled on other grounds by United States v. Nordby, 225 F.3d 1053, 1059 (9th Cir. 2000)).  "Nor is the fact that a defendant is to be tried with a more culpable defendant enough to require severance."  Id.

In the present case, the Court finds that petitioner defaulted on this claim and that petitioner fails to show "cause"excusing the procedural default.  Petitioner fails to show "cause" by either demonstrating "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that "ineffective assistance of counsel . . . is cause for a procedural default."  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  Even on the merits, petitioner fails to demonstrate that her trial counsel was ineffective for not attempting to sever petitioner's trial.  Petitioner must show that her trial counsel's representation fell below an objective standard of reasonableness when her trial counsel failed to attempt to sever the trial, and she fails to do so here.  See Flores-Ortega, 528 U.S. at 476-77.  Petitioner fails to show that the testimony of the bankers and the handwriting expert was only relevant to her co-defendant.  Furthermore, even if true, petitioner fails to justify that severance of the trial should have occurred because "the fact that more evidence is introduced against a co-defendant is insufficient to show that joinder was improper."  See United States v.

1  Matta-Ballesteros, 71 F.3d 754, 771 (9th Cir. 1995).  For the above reasons, the Court
2  finds that petitioner's third ground for relief lacks merit.

3      **Petitioner's Fourth Ground For Relief**

4      Petitioner argues that her appellate counsel was ineffective for failing to argue on
5  appeal that her trial should have been severed.  Mot. at Ground Four.

6      The Court finds that petitioner fails to adequately show that her appellate
7  counsel's representation fell below an objective standard of reasonableness.
8  Petitioner's appellate counsel has a stronger presumption of reasonableness "because he
9  has wider discretion than trial counsel in weeding out weaker issues."  See Miller, 882
10  F.2d at 1434.  Furthermore, petitioner's appellate counsel has no constitutional duty to
11  raise every non frivolous issue requested by the petitioner.  See Jones, 463 U.S. at 751.
12  As previously discussed, petitioner has failed to show that her trial should have been
13  severed, and thus has failed to show that her appellate counsel was ineffective by not
14  raising this argument.  See Miller, 882 F.2d at 1428.  Accordingly, the Court finds that
15  petitioner's fourth ground for relief lacks merit..

16      **Petitioner's Fifth Ground For Relief**

17      Petitioner appears to argue  ineffective assistance on the part of her trial counsel
18  because (1) her trial counsel should have called Casey Baik as a witness, and (2) a
19  check was improperly admitted into evidence.[1]  Mot. at Ground Five.  The government
20  argues that petitioner makes no showing of how, or even whether, Baik would have
21  helped her defense, and therefore, no showing that her trial counsel was ineffective.
22  Opp'n at 5.  Regardless, the government argues that petitioner's trial counsel called
23  United States Secret Service Special Agent William Min as a witness, and petitioner's
24  trial counsel questioned him extensively about Baik.  Id.  Thus, even if petitioner's trial
25  counsel was ineffective for not calling Baik, petitioner suffered no prejudice as a result.
26  Id.  Furthermore, the government contends that the check was properly admitted into
27  evidence under the business records exception to the hearsay rule; the government

28
_____
[1] Petitioner's fifth ground for relief is difficult to discern.

8

1  argues that the admission of the check did not depend on Baik testifying, as he was not

2  needed to authenticate it. Id. at 5-6.

3          The Court finds that petitioner has failed to show that her trial counsel was

4  ineffective by reason of his failure to call Baik as a witness or because a check was

5  improperly admitted into evidence. See Flores-Ortega, 528 U.S. at 476-77. Petitioner

6  does not state how Baik would have assisted with her defense, let alone how his

7  testimony would have influenced the outcome of this case, and accordingly, does not

8  demonstrate that her trial counsel's representation fell below an objective standard of

9  reasonableness. See id. Petitioner also does not state why the check was not properly

10 admitted into evidence. See id. For these reasons, the Court finds that petitioner's fifth

11 ground for relief lacks merit.

12         **Petitioner's Sixth Ground For Relief**

13         Petitioner appears to argue that her trial counsel was ineffective for failing to

14 object and request a new trial; and, she also appears to state that her appellate counsel

15 was ineffective for not raising plain error review, though she does not state specifically

16 as to what issue.[2] Mot. at Ground Six. The Court finds that petitioner is unable to show

17 that her trial counsel fell below an objective standard of reasonableness because it is not

18 clear what grounds petitioner's trial counsel should have raised in order to obtain a new

19 trial. Id. Furthermore, this Court finds that petitioner is unable to show that her

20 appellate counsel was ineffective under appellate counsel's higher standard of

21 reasonableness because petitioner does not specify what issue appellate counsel failed

22 to raise. See Miller, 882 F.2d at 1428. Accordingly, the Court finds that petitioner's

23 sixth ground for relief lacks merit.

24 **IV. CONCLUSION**

25         Having duly considered petitioner's arguments, the Court finds that the record

26 shows conclusively that petitioner is not entitled to the requested relief. The Court

27

28         ────────────────

           [2]  Petitioner's last ground for relief is very difficult to discern.

1    concludes that an evidentiary hearing is not required to adjudicate this matter.  In

2    accordance with the foregoing, petitioner's motion is hereby DISMISSED.

3          IT IS SO ORDERED.

4

5    Dated: May 20, 2010

6

7                                         _Christine A. Snyder_

8                                         CHRISTINA A. SNYDER
                                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28